ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-13 16:08:01
60CV-20-350
C06D05 : 10 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

**CRYSTAL HOLLAND,**
**INDIVIDUALLY AND ON BEHALF**
**OF ALL OTHERS SIMILARLY SITUATED**                      **PLAINTIFF**

vs.                              No. 4:20-cv-_____

**ROCK BORDELON; ALLEGIANCE HOSPITAL**
**OF NOTH LITTLE ROCK, LLC, d/b/a**
**NorthMetro Medical Center; T. JASON REED; and**
**FREEDOM BEHAVIORAL HOSPITAL OF**
**CENTRAL ARKANSAS, LLC**                                 **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiff Crystal Holland, individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Brandon Haubert of WH Law, PLLC, and for her Original Complaint—Collective Action, do hereby state and allege as follows:

### I.

### PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs Crystal Holland individually and on behalf of all others similarly situated, against Defendants Rock Bordelon, Allegiance Hospital Of North Little Rock, LLC, d/b/a NorthMetro Medical Center, T. Jason Reed, and Freedom Behavioral Hospital of Central Arkansas, LLC ("Defendants").

2. Plaintiff, individually and on behalf of all others similarly situated, bring this action for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil

penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated the lawful vacation time, sick time, and insurance coverage they contracted and gave consideration for.

3. This is a class action under Rule 23 of the Arkansas Rules of Civil Procedure. Plaintiff is a members of a class of employees who were deprived of vacation time, sick time, and insurance coverage in violation of their contract and consideration with Defendants.

4. The proposed Rule 23 class is composed of all employees who are or were employed by Defendants at their Jacksonville, Arkansas location and denied vacation time, sick time, and insurance coverage they contracted and gave consideration for with Defendants.

## II.

## THE PARTIES

5. Plaintiff Crystal Holland is a resident and citizen of Pulaski County.

6. At all times relevant hereto, Plaintiff Holland was paid an hourly wage for her work in marketing and intake for Defendants at their Jacksonville, Arkansas location.

7. Plaintiff Holland worked for Defendants within the three years preceding the filing of this lawsuit.

8. Defendant failed to pay Plaintiff Holland vacation time, sick time, and insurance coverage she and other employees contracted and gave consideration for with Defendants

9. Defendant Rock Bordelon is an individual and owner of Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, which operated the medical facilities where Plaintiffs and those similarly situated work in Jacksonville, Arkansas.

10. Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, is a foreign Limited Liability Company whose registered agent for service of process is Capitol Corporate Services, 300 S. Spring St., Little Rock AR 72201.

11. T. Jason Reed is an individual and owner of Freedom Behavioral Hospital of Central Arkansas, LLC, which purchased in the statutory period and now operates the medical facilities where Plaintiffs and those similarly situated work in Jacksonville, Arkansas

12. Freedom Behavioral Hospital of Central Arkansas, LLC, is a foreign Limited Liability Company whose registered agent for service of process is T. Jason Reed, 4924 Opal Dr., Lake Charles LA 70605.

13. Defendants were at all times relevant hereto Plaintiff's employer. Individual Defendants Bordelon and T. Jason Reed set the policies at issue in the present action.

## III.

## JURISDICTION AND VENUE

14. The Pulaski County Circuit Court is the appropriate venue under A.C.A.§ 16-60-101 because a substantial part of the events or omissions giving rise to the cause of action occurred here.

15. Plaintiff alleges violations and breaches based on working at Defendants' premises in Jacksonville, Arkansas, therefore jurisdiction is appropriate under A.C.A.§ 16-12-201.

## IV.

## FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

17. Plaintiff was an employee of Defendants within the three years preceding the filing of Plaintiff's Original Complaint—Collective Action.

18. Plaintiff Holland worked for Defendants within the three years preceding the filing of this lawsuit.

19. Defendant failed to pay Plaintiff Holland and those similarly situated vacation time, sick time, and insurance coverage she and other employees contracted and gave consideration for with Defendants.

20. Plaintiff Holland and those similarly situated worked for Defendants, were promised sick and vacation time as a part Defendants' policy, as well as had insurance premium payments withheld form their paychecks, yet were not paid their time and their insurance premiums did not secure them insurance.

21. As a result of Defendants' policies and practices, Plaintiff and those similarly situated were damaged in the form of not being paid for time they accrued and were promised, and not having insurance they paid for.

## V.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

23. Plaintiff, individually and on behalf of all other similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for breach of contract and unjust enrichment as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

24. Plaintiff proposes to represent the class of employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

25. Common questions of law and fact relate to all members of the proposed class, such as whether Defendants entered into and breached a contract with Plaintiff and other employees; and whether Defendant has been unjustly enriched by its failure to lawfully pay Plaintiff and the other employees for all time they contracted for.

26. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed class.

27. Plaintiff is unable to state the exact number of the potential members of the breach of contract and unjust enrichment class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

28. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

29. Concentrating the litigation in this forum is highly desirable because Plaintiff and all proposed class members work or worked in Arkansas.

30. No difficulties are likely to be encountered in the management of this class action.

31. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked for Defendant and experienced the same violations of the AMWA, breach of contract and unjust enrichment that all other class members suffered.

32. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

33. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including breach of contract cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

34. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

35. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiff was injured by Defendants' failure to follow its policies and practices and pay what it promised under its contract.

36. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

37. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

> (a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;
>
> (b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to

    be litigated as a Class action on a cost-effective basis, especially when
    compared with repetitive individual litigation; and

  (c) No unusual difficulties are likely to be encountered in the management
    of this class action in that all questions of law and/or fact to be litigated
    at the liability stage of this action are common to the Class.

38. Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither are Plaintiffs aware of any other litigation concerning this particular controversy.

39. Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

## VI.

### FIRST CLAIM FOR RELIEF
### (Individual Claim for Breach of Contract
### and unjust enrichment in the alternative)

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Defendants offered, and Plaintiff and accepted, employment with Defendant creating a contract of employment. Plaintiff justifiably relied upon this promise to pay a set rates for vacation and sick time in accepting the contract for employment, as well as authorizing deductions for insurance premiums.

42. At different times, Defendants, through its employees/managers and/or agents, withheld the sick and vacation time, and di not remit insurance premiums, resulting in Plaintiff

receiving less than provided for in the contract.

43. The consideration for each contract of employment was the payment of wages as agreed upon by Defendants and Plaintiff.

44. Plaintiff performed all conditions precedent to performance by Defendants.

45. Defendants breached this contract of employment with Plaintiff by deliberately failing to pay Plaintiff as promised, including lawfully remitting insurance premium payments withheld.

46. Plaintiff was damages by Defendants' breach in that she was not compensated or covered because of Defendants' breach.

47. Plaintiff is entitled to recover all time and premium coverage to which she is owed by contract, and all other damages from this breach of contract.

## VII.

### SECOND CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA, breach of contract and unjust enrichment)

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

49. All members of the proposed class received the same contract offer and had the same breach as discussed above, *supra*.

50. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant, breaches of contract and unjust enrichment.

51. At all relevant times, Defendants' failed to uphold Defendant's promises to Plaintiff and the proposed class, as well as unjustly enriched themselves.

52. Despite the entitlement of Plaintiff and members of the proposed class to payment of lawful sick and vacation time and coverage of the insurance premiums withheld, Defendants failed to provide Plaintiff and the proposed class what they bargained for, and instead kept the benefit in the form of the withheld premium and time works to themselves.

53. Plaintiff proposes to represent the breach of contract and unjust enrichment liability class of individuals defined as follows:

> **All individuals employed by Defendants in Arkansas within the past three years who did not have all sick and vacation time accrued paid or used, and/or did not have their withheld insurance premiums credited towards insurance coverage.**

54. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

## X.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Crystal Holland, individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff and class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies or time that should have been paid to them;

B. Certification of, and proper notice to, together with an opportunity to opt-out of the litigation, all qualifying current and former employees;

C. Judgment for damages for breach of contract and unjust enrichment;

D. An order directing Defendants to pay Plaintiff and members of the class pre-

judgment interest, reasonable attorney's fees and all costs connected with this action; and

    E.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CRYSTAL HOLLAND, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law, PLLC
1 Riverfront Pl. STE 745
North Little Rock, AR 72114
501.891.6000

By:   */s/ Chris W. Burks*
      Chris W. Burks ABN: 2010207
      chris@whlawoffices.com