IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRYSTAL HOLLAND,**                                                                                          **PLAINTIFFS**
**Individually and on**
**Behalf of All Others Similarly Situated**

v.                                      Case No. 4:20-cv-00344-KGB

**ROCK BORDELON,** *et al.*                                                                                  **DEFENDANTS**

## ORDER

Before the Court is a motion to dismiss filed by separate defendants Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center ("Allegiance") and Rock Bordelon (collectively, "separate defendants") (Dkt. No. 4). Plaintiff Crystal Holland filed a response (Dkt. No. 6), and separate defendants filed a reply (Dkt. No. 7-1). Also pending before the Court is a motion for leave to file first amended and substituted complaint (Dkt. No. 9). Separate defendants responded in opposition to the motion to amend (Dkt. No. 10). For the following reasons, the Court grants the motion to amend (Dkt. No. 10) and denies as moot separate defendants' pending motion to dismiss (Dkt. No. 4).

**I.     Background**

Ms. Holland filed her original complaint in the Circuit Court of Pulaski County, Arkansas, and defendants removed the action to this Court, asserting that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 citing the Employee Retirement Income Security Act of 1947 ("ERISA"), 29 U.S.C. §§ 1001-1461, and the Class Action Fairness Act, 28 U.S.C. § 1332(d) (Dkt. Nos. 1, 3). In her original complaint, Ms. Holland brings this class action, individually and on behalf of all others similarly situated, against Rock Bordelon, Allegiance, T. Jason Reed, and Freedom Behavioral Hospital of Central Arkansas, LLC, for deprivation of "vacation time, sick

time, and insurance coverage in violation of their contract and consideration with Defendants" (Dkt. No. 2, ¶ 20).  Ms. Holland maintains that she and other similarly situated individuals who worked for defendants were promised sick and vacation time and had insurance premium payments withheld from their paychecks but were not paid their sick and vacation time and their insurance premiums did not secure them insurance (*Id.*, ¶ 20).  Ms. Holland asserts that these allegations constitute breach of contract, unjust enrichment, and a violation of the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (*Id.*, ¶¶ 31, 40-54).  As relief, Ms. Holland requests that defendants be required to account to her, class members, and the Court for all of the hours worked by her and the class members and all monies or time that should have been paid to them; certification of, and proper notice to, together with an opportunity to opt-out of the litigation, all qualifying current and former employees; judgment for damages for breach of contract and unjust enrichment; an order directing defendants to pay her and members of the class pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and such other and further relief as this Court may deem necessary, just, and proper (*Id.*, at 9-10).

In her proposed first amended and substituted complaint, Ms. Holland proposes adding certain individual plaintiffs and adding defendants GPN/Jacksonville, LLC and Allegiance Health Management, Inc. (Dkt. No. 9, ¶ 2).  Further, Ms. Holland proposes adding a Federal Rule of Civil Procedure 23 "sub-class of members who were employed by Defendants at their Jacksonville, Arkansas location and deprived of their pay in violation of the contract and consideration with Defendants, as well as minimum wages for July and August 2019." (*Id.*, ¶ 3).  In the proposed amended complaint, plaintiffs seek leave to add three additional claims for relief including but not limited to individual claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et*

2

*seq.*, collective action claims for violations of the FLSA, and individual claims for violation of the AMWA (*Id.*, ¶ 4).

## II. Legal Standard

A court has discretion to grant leave to amend and must freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 907-08 (8th Cir. 1999). In interpreting Rule 15, the United States Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Becker,* 191 F.3d at 907-08.

Futility, one of the reasons that may prevent an amendment, exists when the claim would not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *Cornelia I. Crowell GST Trust v. Possis Med., Inc.,* 519 F.3d 778, 781-83 (8th Cir. 2008) (evaluating "futility" of asserted claims under Fed. R. Civ. P. 12(b)(6) standard). Futility determinations utilize the *Twombly* "plausibility" standard under Rule 12(b)(6). *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007)). A party moving to amend under Rule 15(a) must support its claim with sufficient specificity to raise a right to relief above the speculative level and to raise a reasonable expectation that discovery will reveal the evidence of the claim. *See Twombly,* 550 U.S. at 555.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

At this stage of the litigation, the Court also observes that the Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alternative relief, "set out 2 or more statements of a claim or defense alternatively or hypothetically," and "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(a)(3); 8(d)(2), (3).

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's motion to dismiss moot." *Oniyah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint."); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992)

(finding that plaintiff's filing of an amended complaint rendered defendant's motion to dismiss moot)).

### III.  Futility

Separate defendants oppose Ms. Holland's motion to amend based on a claim of futility (Dkt. No. 10). Separate defendants assert that they have an outstanding motion to dismiss and that the Court should rule on that motion so that no futile claims are asserted in the amended complaint (Dkt. No. 10, ¶ 5).

In their motion, separate defendants move to dismiss Ms. Holland's original complaint for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. No. 4). Separate defendants assert that no provision of the AMWA allows for Ms. Holland's claims (*Id.*, ¶ 3). Additionally, separate defendants assert that Ms. Holland fails to state a claim for breach of contract and that the claim for unjust enrichment also fails (*Id.*, ¶ 4). Separate defendants also assert in their briefing on the motion to dismiss preemption and failure to state a claim against Mr. Bordelon in his individual capacity (Dkt. No. 5, at 4-5). In response, Ms. Holland argues that the facts pleaded in her complaint are sufficient to state a claim for minimum wage violations of the AMWA by defendants and to put defendants on notice of her claims against them (Dkt. No. 6, at 2). Ms. Holland asserts that her AMWA claims should not be dismissed because her complaint meets the pleading standards set by district courts both in the Eighth Circuit and elsewhere (*Id.*). Ms. Holland asserts that her breach of contract claim is pleaded specifically and mirrors the claims pleaded in two recent Supreme Court of Arkansas cases with the equivalent type of contract for employee leave time (*Id.*, at 7). Finally, Ms. Holland argues that her unjust enrichment claim is properly pleaded and falls under an exception to the general rule that unjust enrichment cannot lie when a written contract exists (*Id.*, at 8).

### A.  AMWA

Under the AWMA, "[a]n employee may bring an action for equitable and monetary relief against an employer . . . if the employer pays the employee less than the minimum wages, including overtime wages, to which the employee is entitled under or by virtue of this subchapter."  Ark. Code Ann. § 11-4-218(e)(1).  In accordance with this provision, "[t]he only private lawsuits permitted under the statute are for payment of minimum or overtime wages."  *Libscomb v. Boyce*, No. 3:17-CV-00036 BSM, 2018 WL 342017, at *3 (E.D. Ark. Jan. 9, 2018) (citing Ark. Code Ann. § 11-4-218(e)(1)).

Separate defendants argue that Ms. Holland's AMWA claims are improperly plead because she does not allege claims related to payment of minimum or overtime wages (Dkt. No. 7-1, at 1).  Ms. Holland alleges that she and other similarly situated workers "were not paid for their time," and she claims that the vacation and sick time "promised" and then "withheld" from her was in part her hourly rate of at least a minimum wage (Dkt. Nos. 2, ¶¶ 20, 31; 6, at 5).  To the extent Ms. Holland asserts a claim for the payment of minimum or overtime wages in accord with the AMWA, she states a claim upon which relief may be granted under the AMWA and dismissal is not appropriate.

The Court notes that it appears that the AMWA does not recognize vacation time, sick time, or insurance coverage as "wages."  Ark. Code Ann. § 11-4-203(9).  The AMWA defines "wage" in the following terms:

> Compensation due to an employee by reason of his or her employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by this subchapter or by rules of the Director of the Division of Labor under this subchapter.

Ark. Code Ann. § 11-4-203(9).

The Director of the Labor Division of the Arkansas Department of Labor is authorized to make and revise administrative rules providing further definitions of terms in the AMWA, but the Director has not promulgated any rules construing vacation time, sick time, or insurance coverage as "wages" within the meaning of the AMWA, based on this Court's research. *See* Ark. Code Ann. § 11-4-209; *see generally* Ark. Admin. Code § 235.01.1-100, *et seq.*

Having reviewed the allegations in Ms. Holland's proposed amended complaint regarding the fourth and fifth claims for relief under the AMWA, the Court rejects separate defendants' futility argument at this stage based on the limited briefing before the Court. The Court will permit Ms. Holland to amend her complaint with respect to her AMWA claims consistent with the terms of this Order.

    **B.**    **Breach Of Contract**

Under Arkansas law, "[i]n order for a contract, express or implied, to exist, there must be: (a) competent parties; (b) subject matter; (c) legal consideration; (d) mutual agreement; (e) mutual obligations." *Berry v. Cherokee Vill. Sewer, Inc.*, 155 S.W.3d 35, 38 (Ark. Ct. App. 2004) (citing *Moss v. Allstate Ins. Co.,* 776 S.W.2d 831 (Ark. 1989); *Kearney v. Shelter Ins. Co.,* 29 S.W.3d 747 (Ark. Ct. App. 2000)). "In order to state a cause of action for beach of contract, 'the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to the plaintiff from the breach.'" *Rabalaias v. Barnett*, 683 S.W.2d 919, 921 (Ark. 1985) (quoting *Williams v. Black Lumber Co.*, 628 S.W.2d 13 (Ark. 1982)). Additionally, Arkansas state law generally presumes that an employer or an employee may terminate an employment relationship at will. *Crain Indus., Inc. v. Cass*, 810 S.W.2d 910, 912 (Ark. 1991).

Separate defendants assert that Ms. Holland pleads no facts to overcome the presumption of at-will employment and that this failure necessitates that there was no contractual relationship between Ms. Holland and defendants (Dkt. No. 5, at 3-4). Separate defendants argue that there is no alleged contract attached to the complaint; there are no facts regarding when or how the alleged contract was struck; there are no facts providing what the terms of the alleged contract were; and there are no facts stipulating the parties to the alleged contract (*Id.*, at 4). Additionally, separate defendants assert that the complaint fails to state that there were any mutual obligations (*Id.*). Separate defendants state that the complaint puts forth bare assertions regarding defendants' obligations to pay employee benefits and remains barren regarding Ms. Holland's obligations (*Id.*). In sum, separate defendants assert that Ms. Holland's complaint does not plead sufficiently all of the elements to assert that a contract existed or plead adequately facts regarding the elements it does assert are present (*Id.*).

Ms. Holland responds that she has alleged all elements of a contract and its breach (Dkt. No. 6, at 7). Specifically, Ms. Holland claims that her complaint demonstrates: (a) competent parties in "Plaintiff Holland and those similarly situated" and "Defendants"; (b) subject matter of "sick and vacation time as a part of Defendants' policy"; (c) legal consideration that Ms. Holland and other similarly situated employees continued to work for defendants; (d) mutual agreement in that "Defendants offered, and Plaintiffs accepted"; and (e) mutual obligations of "all conditions precedent" and "failing to pay . . . as promised" (Dkt. Nos. 2, ¶¶ 17-21, 41-45; 6, at 7-8). Ms. Holland also cites to two recent Arkansas Supreme Court cases—*Industrial Welding Supplies of Hattiesburg, LLV v. Pinson*, 530 S.W.3d 854 (Ark. 2017), and *Vaughn v. Mercy Clinic Fort Smith Communities*, 587 S.W.3d 216 (Ark. 2019)—and argues that her claims are exactly the same the claims pleaded in those cases (*Id.*).

Separate defendants reply that Ms. Holland's breach of contract claims are plead improperly (Dkt. No. 7-1, at 2).  Separate defendants assert that *Pinson* and *Vaughn* do not address sufficiency of the breach of contract claims and instead address appeals of a lower court's determination on class certification (*Id.*).  Separate defendants argue that there is no exception to the employment-at-will doctrine unless there is an express provision creating the contractual right, and separate defendants maintain that Ms. Holland makes no such allegation in her complaint (*Id.*, at 2-3).  Finally, separate defendants reiterate that Ms. Holland's complaint fails to plead the elements of breach of contract (*Id.*, at 3).

Accepting the allegations contained in Ms. Holland's complaint as true and drawing all reasonable inferences from the complaint in her favor, the Court concludes that Ms. Holland has stated a cause of action for breach of contract sufficient to survive separate defendants' motion to dismiss.  Again, "[i]n order to state a cause of action for breach of contract, 'the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to the plaintiff from the breach.'" *Rabalaias*, 683 S.W.2d at 921 (quoting *Williams*, 628 S.W.2d at 13).  Ms. Holland asserts the existence of a valid and enforceable employment contract between her and separate defendants (Dkt. No. 2, ¶ 41); asserts an obligation on behalf of separate defendants to pay set rates for vacation and sick time in accepting the contract for employment, as well as authorizing deductions for insurance premiums (*Id.*); asserts that separate defendants violated this obligation by withholding sick time and vacation time and failing to remit insurance premiums (*Id.*, ¶ 42); and asserts damages in that she was not compensated fully or covered by insurance due to separate defendants' breach (*Id.*, ¶ 46).

Separate defendants rely on *Lang v. Hampton*, No. 5:17-cv-00002-KGB, 2018 WL 2709314 (E.D. Ark. June 5, 2018), in asserting that "Arkansas state law presumes that there is no contractual relationship in an at-will employment context" and in asserting that Ms. Holland's at-will employment contract "necessitates that there was no contractual relationship" between Ms. Holland and separate defendants (Dkt. No. 5, at 3-4). Separate defendants' reliance on this case is inapposite. In *Lang*, this Court considered, in part, whether a plaintiff had a constitutionally protected property interest in her continued employment when she had an at-will employment relationship with her employer and whether defendant violated plaintiff's due process rights by firing her without a pre-termination hearing. *See Lang*, 2018 WL 2709314, at *4-*5. The Court concluded that an at-will employee does not have a constitutionally protected property interest in her continued employment, and the Court found that defendant committed no due process violation. *See id.* at *5. Those are not the legal issues presented in Ms. Holland's complaint.

At this stage of the litigation, Ms. Holland has alleged a breach of contract claim sufficient to survive separate defendants' motion to dismiss. Accordingly, the Court rejects at this stage of the litigation separate defendants' futility argument as a basis to deny Ms. Holland's pending motion to amend her original complaint.

### C. Unjust Enrichment

"Unjust enrichment is an equitable doctrine." *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005) (citing *First Nat'l Bank of DeWitt v. Cruthis*, 203 S.W.3d 88 (Ark. 2005)). The Arkansas Supreme Court defines unjust enrichment in the following terms:

> [Unjust enrichment] is the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves

> no violation or frustration of law or opposition to public policy, either directly or indirectly.

*Id.* (citing *Adkinson v. Kilgore*, 970 S.W.2d 327 (Ark. 1998)). "A claimant seeking restitution for unjust enrichment can generally recover the value of the benefit conferred upon the party unjustly enriched." *Hartness v. Nuckles*, 475 S.W.3d 558, 564 (Ark. 2015) (citing *Sanders v. Bradley County Human Servs. Pub. Facilities Bd.*, 956 S.W.2d 187 (Ark. 1997)). "Generally, unjust enrichment does not apply when an express contract exists." *Tuohey v. Chenal Healthcare, LLC*, 173 F. Supp. 3d 804, 813 (E.D. Ark. 2016) (citing *Davis v. Davis*, 480 S.W.3d 878 (Ark. Ct. App. 2016)); *see also Hanjy v. Arvest Bank*, 94 F. Supp. 3d 1012, 1034 (E.D. Ark. 2015) (citations omitted). However, "pleading unjust enrichment as an alternative to a breach-of-contract claim is allowed in certain circumstances under Arkansas law." *Tuohey*, 173 F. Supp. 3d at 813 (citations omitted); *see also Campbell v. Asbury Auto., Inc.*, 381 S.W.3d 21, 37 (Ark. 2011) ("[T]he mere existence of a contract between the parties does not automatically foreclose a claim of unjust enrichment."). For example, "when an express contract does not fully address a subject, a court of equity may impose a remedy to further the ends of justice." *Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir. 1996) (citing *Roberson Enters., Inc. v. Miller Land & Lumber Co.*, 700 S.W.2d 57, 59 (Ark. 1985)). Additionally, unjust enrichment may be asserted "when an express contract does not exist, is void, or does not provide an answer." *Campbell*, 381 S.W.3d at 38 (citing 1 Howard W. Brill, *Arkansas Law of Damages* § 31:2 (5th ed. 2010)). However, the existence of a valid written contract ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter. *See Servewell*, 210 S.W.3d at 112 (citing *U.S. E. Telecomms., Inc. v. U.S. W. Commc'ns Servs., Inc.*, 38 F.3d 1289, 1296 (2d. Cir. 1994)).

Ms. Holland alleges that separate defendants unjustly enriched themselves through "willful, intentional, unreasonable, arbitrary[,] and bad faith" actions keeping money owed to her

11

(Dkt. No. 2, ¶¶ 51-54). The Court has found that Ms. Holland has pleaded a breach of contract claim sufficient to survive separate defendants' motion to dismiss, and Ms. Holland's unjust enrichment claim treads the same subject matter that she asserts is covered in her express contract with separate defendants. At this stage of the litigation, Ms. Holland is permitted to plead in the alternative and inconsistently. The Court rejects separate defendants' assertion of futility on this basis.

### D. ERISA Preemption

Separate defendants also assert that, to the extent Ms. Holland "asserts any state law claim for any benefit denied under an ERISA plan, those claims are preempted by ERISA" and should be dismissed or converted into an ERISA claim (Dkt. No. 5, at 4). The issue on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, and similarly an inquiry into futility, is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence in support of her claims. *United States v. Aceto Agric. Chems. Corp.,* 872 F.2d 1373, 1376 (8th Cir. 1989). As explained, when considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged by the complaining party are true and must liberally construe those allegations. *Gross v. Weber,* 186 F.3d 1089, 1090 (8th Cir. 1999) ("On a motion to dismiss, we review the district court's decision de novo, accepting all the factual allegations of the complaint as true and construing them in the light most favorable to [the non-movant].").

The question of whether ERISA applies to a particular plan or program requires an evaluation of the facts combined with an interpretation of the law. *Kulinski v. Medtronic Bio–Medicus, Inc.,* 21 F.3d 254, 256 (8th Cir. 1994) (stating that the existence of an ERISA plan is a mixed question of fact and law). Even if a plan is covered by ERISA, the court must then determine

whether plaintiff's asserted state law claims are preempted, and if so, whether this provides the basis for federal question jurisdiction. *See, e.g., Painter v. Golden Rule Ins. Co.,* 121 F.3d 436, 438–39 (8th Cir. 1997) (noting the Supreme Court's struggles with ascertaining and interpreting the scope of ERISA preemption).

Applying these principles to the parties' filings and record before it, dismissal based on ERISA preemption at this stage of the litigation is not appropriate. Separate defendants' motion to dismiss on this basis, or to prevent Ms. Holland's requested amendment on this basis, is denied.

### E. Individual Liability

Separate defendants assert that Ms. Holland "has stated no facts that would create individual liability for Defendant Bordelon." (Dkt. No. 5, at 5). In her original complaint, Ms. Holland alleges that Mr. Bordelon "is an individual and owner of Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, which operated the medical facilities where Plaintiffs and those similarly situated work in Jacksonville, Arkansas." (Dkt. No. 2, ¶ 9). She also alleges that Mr. Bordelon was plaintiff's "employer" and that he along with others "set the policies at issue in the present action." (*Id.*, ¶ 13). Ms. Holland asserts that, as a result of these policies and practices, she and others "were damaged in the form of not being paid for time they accrued and were promised, and not having insurance they paid for." (*Id.*, ¶ 21). Similar allegations are included in Ms. Holland's proposed amended complaint (Dkt. No. 9-1, ¶¶ 13, 19).

Federal court requires notice pleading, not fact pleading. In her original complaint, Ms. Holland asserts AMWA claims. In her proposed amended complaint, Ms. Holland moves to add claims under the FLSA along with the claims she asserts under the AMWA. "The FLSA and the AMWA impose similar minimum wage and overtime requirements on employers and, in cases involving claims brought under both acts, the courts have concluded that their parallel provisions

should be interpreted in the same manner." *Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978, 985 (W.D. Ark. 2016) (quoting *Carter v. Primary Home Care of Hot Springs, Inc.*, Case No. 6:14-cv-6092, 2015 WL 11120563, at *2 (W.D. Ark. May 14, 2015)).[1] The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee ..." 29 U.S.C. § 203(d). A "person" can be "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). There may be multiple simultaneous employers under the FLSA, and recovery for FLSA violations is possible against all defendants found to be "employers." *Rikard v. U.S. Auto Protections, LLC*, 4:11CV1580 JCH, 2013 WL 5298460, at *3 (E.D. Mo. Sept. 20, 2013) (citing *Perez–Benites Candy Brand, LLC*, 2011 WL 1978414, at *5, 6 (W.D. Ark. May 20, 2011)). This essentially is a fact-based inquiry, not appropriate for resolution at this stage of the litigation on the record before the Court. Separate defendants have been provided sufficient notice of and the basis for Ms. Holland's claim against Mr. Bordelon such that dismissal is not appropriate.

For these reasons, the Court will not dismiss the claims against Mr. Bordelon in his individual capacity nor will the Court deny as futile on this basis Ms. Holland's request to file her proposed amended complaint.

---

[1] The Court notes that the AMWA states that its overtime requirements "shall not apply to any employee exempt from the overtime requirements of the federal [FLSA] pursuant to the provisions of 29 U.S.C. § 213(b)(1)-(24) and (b)(23)-(30), as they existed on March 1, 2006." Ark. Code Ann. § 11-4-211(d). Furthermore, the Arkansas Department of Labor "may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the [FLSA] in interpreting and applying the provisions of the Act and Rule 010.14-100 through -113, except to the extent a different interpretation is clearly required." Ark. Admin. Code § 235.01.1-112 .

## IV.  Conclusion

For the foregoing reasons, the Court grants Ms. Holland's motion to amend her complaint (Dkt. No. 9), rejects separate defendants' futility arguments, and denies as moot separate defendants' motion to dismiss Ms. Holland's original complaint for the reasons explained in this Order (Dkt. No. 4).  Ms. Holland is directed to file her proposed amended complaint within 14 days from the entry of this Order.

It is so ordered, this the 15th day of March 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge