IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 16 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**CRYSTAL HOLLAND,**
Individually and On Behalf
Of All Others Similarly Situated; and
**RENEE MONTGOMERY, JULIUS PETTY,**
**JOE DAUGHERTY, and MOHAMMED AHMED,**
Each Individually and
On Behalf Of All Others Similarly Situated            **PLAINTIFFS**

vs.                    No. 4:20-cv-0344-KGB

**ROCK BORDELON; ALLEGIANCE HOSPITAL**
**OF NOTH LITTLE ROCK, LLC, d/b/a**
**NorthMetro Medical Center; T. JASON REED;**
**FREEDOM BEHAVIORAL HOSPITAL OF**
**CENTRAL ARKANSAS, LLC;**
**GPN/JACKSONVILLE, LLC; and**
**ALLEGIANCE HEALTH MANAGEMENT, INC.**            **DEFENDANTS**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—
## CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Crystal Holland, individually and on behalf of all others similarly

situated, and Renee Montgomery, Julius Petty, Joe Daugherty, and Mohammed Ahmed

individually and on behalf of all others similarly situated, by and through their attorneys Chris

Burks and Brandon Haubert of WH Law, PLLC, and for their First Amended and Substituted

Complaint—Collective Action, do hereby state and allege as follows:

**I.**

## PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff Crystal Holland individually and on behalf of all others similarly situated, and Plaintiffs Renee Montgomery, Julius Petty, Joe Daugherty, and Mohammed Ahmed, each individually and on behalf of all others similarly situated, against Defendants Rock Bordelon, Allegiance Hospital Of North Little Rock, LLC, d/b/a NorthMetro Medical Center, T. Jason Reed, Freedom Behavioral Hospital of Central Arkansas, LLC, and GPN/Jacksonville, LLC, and Allegiance Health Management, Inc. ("Defendants").

2.      Plaintiff Crystal Holland, individually and on behalf of all others similarly situated, brings this action for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated the lawful minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA"), vacation time, sick time, and insurance coverage they contracted and gave consideration for.

3.      Plaintiffs Renee Montgomery, Julius Petty, Joe Daugherty, and Mohammed Ahmed each individually and on behalf of all others similarly situated, brings this action for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated the wages they contracted and gave consideration for, as well as minimum wages for July and August 2019.

4.      This is a class action under Rule 23 of the Federal Rules of Civil Procedure. The first sub-class members are, like Crystal Holland, a class of employees who were deprived of

minimum wage, vacation time, sick time, and insurance coverage in violation of their contract and consideration with Defendants. The second sub-class members are, like Renee Montgomery, Julius Petty, Joe Daugherty, and Mohammed Ahmed a class of employees who were deprived of their pay in violation of their contract and consideration with Defendants, as well as minimum wages for July and August 2019.

5. The first proposed Rule 23 sub-class is composed of all employees who are or were employed by Defendants at their Jacksonville, Arkansas location and denied minimum wage, vacation time, sick time, and insurance coverage they contracted and gave consideration for with Defendants.

6. The second proposed Rule 23 sub-class is composed of all employees who are or were employed by Defendants at their Jacksonville, Arkansas location and deprived of the pay they contracted and gave consideration for with Defendants, as well as minimum wages for July and August 2019.

**II.**

**THE PARTIES**

7. Plaintiffs Crystal Holland, Renee Montgomery, Julius Petty, Mohammed Ahmed, and Joe Daugherty, are residents and citizens of Pulaski County.

8. At all times relevant hereto, Plaintiff Holland was paid an hourly wage for her work as an employee in marketing and intake for Defendants at their Jacksonville, Arkansas location within the past three years.

9.     At all times relevant hereto, Plaintiffs Renee Montgomery, Julies Petty, Mohammed Ahmed, and Joe Daughtery were to be paid wages for their work as employee physicians for Defendants at their Jacksonville, Arkansas location within the past three years.

10.     Plaintiffs Holland, Montgomery, Petty, Ahmed, and Daugherty worked for Defendants within the three years preceding the filing of this lawsuit.

11.     Defendant failed to pay Plaintiff Holland minimum wages, vacation time, sick time, and insurance coverage she and other employees contracted and gave consideration for with Defendants.

12.     Defendant failed to pay Plaintiffs Montgomery, Petty, Ahmed, and Daugherty their pay for nearly two months of work they and other employees did, contracted, and gave consideration for with Defendants, thus also failing to pay them minimum wages during this time period.

13.     Defendant Rock Bordelon is an individual and owner of Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, GPN/Jacksonville, LLC, and Allegiance Health Management, Inc., which together with Bordelon employed Plaintiffs and operated the medical facilities where Plaintiffs and those similarly situated worked in Jacksonville, Arkansas.

14.     GPN/Jacksonville, LLC is a foreign Limited Liability Company whose registered agent for service of process is Capitol Corporate Services, Inc., 300 S. Spring St., Little Rock AR 72201.

15.     Allegiance Hospital of North Little Rock, LLC, d/b/a NorthMetro Medical Center, is a foreign Limited Liability Company whose registered agent for service of process is Capitol Corporate Services, Inc., 300 S. Spring St., Little Rock AR 72201.

16.     Allegiance Health Management Inc., is a foreign for-profit corporation whose registered agent for service of process is Capitol Corporate Services, 300 S. Spring St., Little Rock AR 72201.

17.     T. Jason Reed is an individual and owner of Freedom Behavioral Hospital of Central Arkansas, LLC, which purchased in the statutory period and operated the medical facilities where Plaintiffs and those similarly situated worked in Jacksonville, Arkansas.

18.     Freedom Behavioral Hospital of Central Arkansas, LLC, is a foreign Limited Liability Company whose registered agent for service of process is T. Jason Reed, 4924 Opal Dr., Lake Charles LA 70605.

19.     Defendants were at all times relevant hereto Plaintiffs' employers within the meaning of the FLSA and AMWA.  Individual Defendants Bordelon and T. Jason Reed set and adopted the pay and leave policies at issue in the present action, as well as decided not to honor the contracts and promises at issue.

### III.

### <u>JURISDICTION AND VENUE</u>

20.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

21.     Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

22.     The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

23.     Defendants do business in this District and a substantial part of the events alleged herein occurred in this District. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

24.     Further, the United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the Arkansas-based Plaintiffs and Louisiana-based Defendants.

## IV.

## FACTUAL ALLEGATIONS

25.     Plaintiffs repeat and re-allege all previous paragraphs of this Amended Complaint as though fully set forth herein.

26.     At all times material to this Amended Complaint, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

27.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Amended Complaint.

28.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

29.     Defendants employed four or more individuals in each week in each of the three years preceding the filing of the Amended Complaint.

30.     Defendants were Plaintiffs' employer and the employer of the proposed collective and classes within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

31.     Defendants, for a period of time within the past three years, paid Plaintiff, less than the minimum wage under both the FLSA and AMWA.  Instead of paying the required minimum wage, Defendants simply refused to pay Plaintiff for their work for a period of months and refused to pay for accrued vacation time, sick time, and insurance coverage.

32.     As a result of the policies put in place by Defendants, Plaintiffs were thus required to perform work for less than minimum wage.

33.     Plaintiffs are entitled to wages and compensation based on the standard minimum wage for all hours worked.

34.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs were in violation of the FLSA and AMWA.

35.     Plaintiffs employees of Defendants within the three years preceding the filing of Plaintiff's Amended Complaint.

36.     Defendant failed to pay Plaintiff Holland and those similarly situated minimum wage, vacation time, sick time, and insurance coverage she and other employees contracted and gave consideration for with Defendants.

37.     Plaintiff Holland and those similarly situated worked for Defendants, were promised sick and vacation time as a part Defendants' policy, as well as had insurance premium payments withheld from their paychecks, yet were not paid their time and their insurance premiums did not secure them insurance.

38.     As a result of Defendants' policies and practices, Plaintiff Holland and those similarly situated were damaged in the form of not being paid minimum wages as well as for time they accrued and were promised, and not having insurance they paid for.

39.     Further, Plaintiffs Renee Montgomery, Julius Petty, Mohammed Ahmed, and Joe Daugherty, and all others similarly situated, were subject to Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated the wages they contracted and gave consideration for, as well as minimum wages.

40.     Plaintiffs Renee Montgomery, Julius Petty, Mohammed Ahemd, and Joe Daugherty, and all others similarly situated, worked as physicians for Defendants within the past three years, but were not paid for several months of work contracted for and engaged in, thus also failing to pay them for minimum wages in that time period.

**V.**

## COLLECTIVE ANC CLASS ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

41.    Plaintiffs repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.    Plaintiff brings their FLSA claims on behalf of all employees of Defendants at any time within the applicable statute of limitations period at the Jacksonville NorthMetro Hospital, and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful minimum wage for all hours worked in a workweek; and

B.    Liquidated damages and attorneys' fees and costs.

44.    The relevant time period dates back three years from the date on which Plaintiffs' Amended Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

45.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They all worked for Defendants at NorthMetro Hospital at the time of the nonpayment of minimum wages;
B.    They recorded their time in the same manner; and
C.    They were subject to Defendant's common policy of not paying minimum wages for hour worked.

46.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

47.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

48.     Defendants can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

B.     AMWA and Breach of Contract Rule 23 Classes

**I) First Sub-Class**

49.     Plaintiff Crystal Holland, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, bring this claim for relief for breach of contract and unjust enrichment as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

50.     Plaintiff Holland proposes to represent the class of employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

51.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendants entered into and breached a contract with Plaintiff Holland and other employees; and whether Defendant has been unjustly enriched by its failure to lawfully pay Plaintiff Holland and the other employees for all time they contracted for.

52.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed class.

53.     Plaintiff Holland is unable to state the exact number of the potential members of the breach of contract and unjust enrichment class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

54.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

55.     Concentrating the litigation in this forum is highly desirable because Plaintiff Holland and all proposed class members work or worked in Arkansas.

56.     No difficulties are likely to be encountered in the management of this class action.

57.     The claims of Plaintiff Holland are typical of the claims of the proposed class in that Plaintiff Holland worked for Defendant and experienced the same violations of the AMWA, breach of contract and unjust enrichment that all other class members suffered.

58.     Plaintiff Holland and her counsel will fairly and adequately protect the interests of the class.

59.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including breach of contract cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

60.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

61.     This litigation is properly brought as a class action because Plaintiff Holland's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiff Holland was injured by Defendants' failure to follow its policies and practices and pay what it promised under its contract.

62.     Plaintiff Holland has no interests antagonistic to the interests of the other members of the Class. Plaintiff Holland is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation.   Accordingly, Plaintiff Holland is an adequate representative and will fairly and adequately protect the interests of the Class.

63.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

64.     Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither are Plaintiffs aware of any other litigation concerning this particular controversy.

65.     Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

## II) Second Sub-Class

66.     Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

67.     Plaintiffs propose to represent the class of workers denied minimum wages in July and August of 2019 who are/were employed by Defendants within the relevant time period within the State of Arkansas.

68.     Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to pay for months of work, Defendant paid members of the proposed class a lawful minimum wage in accordance with the AMWA.

69.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

70.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

71.     Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

72.     At the time of the filing of this Amended Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Amended Complaint.

73.     Concentrating the litigation in this forum is highly desirable because Defendants' Jacksonville hospital is located in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

74.     No difficulties are likely to be encountered in the management of this class action.

75.     The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as an employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

76.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

77.     Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

78.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.

### FIRST CLAIM FOR RELIEF
### (Individual Claim for Breach of Contract
### and unjust enrichment in the alternative on behalf of Plaintiff Holland)

79.     Plaintiff Holland repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

80.     Defendants offered, and Plaintiff Holland accepted, employment with Defendant creating a contract of employment. Plaintiff Holland justifiably relied upon this promise to pay a set rates for vacation and sick time in accepting the contract for employment, as well as authorizing deductions for insurance premiums.

81.     At different times, Defendants, through its employees/managers and/or agents, withheld the sick and vacation time, and did not remit insurance premiums, resulting in Plaintiff Holland receiving less than provided for in the contract.

82.     The consideration for each contract of employment was the payment of wages as agreed upon by Defendants and Plaintiff.

83.     Plaintiff Holland performed all conditions precedent to performance by Defendants.

84.    Defendants breached this contract of employment with Plaintiff Holland by deliberately failing to pay Plaintiff Holland as promised, including lawfully remitting insurance premium payments withheld.

85.    Plaintiff Holland was damages by Defendants' breach in that she was not compensated or covered because of Defendants' breach.

86.    Plaintiff Holland is entitled to recover all time and premium coverage to which she is owed by contract, and all other damages from this breach of contract.

## VII.
## SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

87.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Amended Complaint as if fully set forth in this section.

88.    29 U.S.C. § 206 requires employers to pay employees $7.25 per every hour worked per week. 29 U.S.C.S. § 206.

89.    Defendants violated 29 U.S.C. § 206 by not paying Plaintiffs $7.25 for all hours worked.

90.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

91.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

92.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment

interest at the applicable legal rate.

**VIII.**
**THIRD CLAIM FOR RELIEF**
**(Collective Action Claim for Violation of FLSA)**

93.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Amended Complaint as if fully set forth in this section.

94.    Plaintiffs bring this collective action on behalf of all employees employed by Defendants in NorthMetro to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for all the minimum wage compensation for all the hours they worked but were unpaid in July and August of 2019.

95.    Plaintiffs bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

96.    29 U.S.C. § 206 requires employers to pay employees $7.25 per every hour worked per week. 29 U.S.C.S. § 206.

97.    Defendants violated 29 U.S.C. § 206 by not paying Plaintiffs $7.25 for all hours worked.

98.    Because these employees are similarly situated to Plaintiffs, and are owed minimum wages for the same reasons, the opt-in class may be properly defined as:

**All employees of Defendants at North Metro Hospital in**
**Jacksonville, AR Within the Past Three Years Who Ever**
**Worked Hours in July and August of 2019**
**for which they were not paid a minimum wage**

99.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

100.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid minimum wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

101.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.
### FOURTH CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

102.    Plaintiffs repeats and re-allege all previous paragraphs of this Amended Complaint as though fully incorporated in this section.

103.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

104.    At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

105.    Arkansas Code Annotated § 11-4-210 requires employers to pay all employees beginning January 1, 2019, wages at the rate of not less than nine dollars and twenty-five cents ($9.25) per hour, beginning January 1, 2020 the rate of not less than ten dollars ($10.00) per hour and beginning January 1, 2021 the rate of not less than eleven dollars ($11.00) per hour.

106.    Defendants failed to pay Plaintiffs the minimum wages owed, as required under the AMWA.

107.    Defendants conduct and practices, as described above, were willful, intentional,

unreasonable, arbitrary and in bad faith.

108.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

109.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## X.

### FIFTH CLAIM FOR RELIEF
### (Class Action Claims for Violation of the AMWA, breach of contract and unjust enrichment)

110.    Plaintiffs repeat and re-alleges all previous paragraphs of this Amended Complaint as though fully set forth herein.

### 1)   First AMWA sub-class

111.    All members of the proposed sub-class class received the same contract offer and had the same breach as discussed above, *supra*.

112.    Plaintiff Holland, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant, breaches of contract and unjust enrichment.

113.    At all relevant times, Defendants' failed to uphold Defendant's promises to Plaintiff Holland and the proposed class, as well as unjustly enriched themselves.

114.    Despite the entitlement of Plaintiff Holland and members of the proposed class to payment of lawful sick and vacation time and coverage of the insurance premiums withheld,

Defendants failed to provide Plaintiff Holland and the proposed class what they bargained for, and instead kept the benefit in the form of the withheld premium and time works to themselves.

115.    Plaintiff Holland proposes to represent the breach of contract and unjust enrichment liability class of individuals defined as follows:

> **All individuals employed by Defendants in Arkansas within the past three years who did not have their contracted sick and vacation time accrued paid or used, and/or did not have their withheld insurance premiums credited towards insurance coverage.**

116.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

### 2) Second AMWA sub-class

117.    Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

118.    At all relevant times, Defendants have been, and continues to be, an "employer" of Plaintiffs and the members of the proposed subclass within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

119.    Arkansas Code Annotated § 11-4-210 requires employers to pay all employees beginning January 1, 2019, wages at the rate of not less than nine dollars and twenty-five cents ($9.25) per hour, beginning January 1, 2020 the rate of not less than ten dollars ($10.00) per hour and beginning January 1, 2021 the rate of not less than eleven dollars ($11.00) per hour.

120.    Defendants failed to pay Plaintiffs the minimum wages owed, as required under the AMWA.

121.    Plaintiff proposes to represent a class of individuals who are owed overtime wages

and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **All employees of Defendants at North Metro Hospital in**
> **Jacksonville, AR Within the Past Three Years Who Ever**
> **Worked Hours for which they were not paid a minimum wage**
> **during July and August of 2019**

122.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

123.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Amended Complaint, plus periods of equitable tolling.

124.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI.

### **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Crystal Holland, individually and on behalf of all others similarly situated, and Plaintiffs Renee Montgomery, Julius Petty, Mohammed Ahmed, and Joe Daugherty, each individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

A.    That Defendants be required to account to Plaintiffs and class members, and the Court for all of the hours worked by Plaintiff and the class/collective members and all monies or time that should have been paid to them;

B.   Certification of, and proper notice to, together with an opportunity to opt-out of the litigation, all qualifying current and former employees;

C.   Judgment for damages for breach of contract and unjust enrichment;

D.   An order directing Defendants to pay Plaintiff and members of the class/collective pre-judgment interest, liquidated damages reasonable attorney's fees and all costs connected with this action; and

E.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CRYSTAL HOLLAND,** Individually and
on Behalf of All Others Similarly Situated,
**RENEE MONTGOMERY, JULIS PETTY,
MOHAMMED AHMED and JOE DAUGHERTY,**
Each Individually and
on Behalf of All Others Similarly Situated,

**PLAINTIFFS**

WH Law, PLLC
1 Riverfront Pl. STE 745
North Little Rock, AR 72114
501.891.6000

By:   */s/ Chris W. Burks*
Chris W. Burks ABN: 2010207
chris@whlawoffices.com