IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRYSTAL HOLLAND,**
Individually and On Behalf
Of All Others Similarly Situated; and
**RENEE MONTGOMERY, JULIUS PETTY,**
**JOE DAUGHERTY, and MOHANNED AHMED,**
Each Individually and
On Behalf Of All Others Similarly Situated                                   **PLAINTIFFS**

vs.                                    No. 4:20-cv-0344-KGB

**ROCK BORDELON; ALLEGIANCE HOSPITAL**
**OF NOTH LITTLE ROCK, LLC, d/b/a**
**NorthMetro Medical Center; T. JASON REED;**
**FREEDOM BEHAVIORAL HOSPITAL OF**
**CENTRAL ARKANSAS, LLC;**
**GPN/JACKSONVILLE, LLC; and**
**ALLEGIANCE HEALTH MANAGEMENT, INC.**                                   **DEFENDANTS**

### PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICES

COMES NOW Plaintiffs Crystal Holland, individually and on behalf of all others similarly situated, and Renee Montgomery, Joe Daugherty, and Mohanned Ahmed individually and on behalf of all others similarly situated, ("Plaintiffs") by and through their attorneys Chris Burks and Brandon Haubert of WH LAW PLLC, and for their Motion for Conditional Certification, for Disclosure of Contact Information, and to send Notices, states and alleges as follows:

1. This Motion is time sensitive and calls for an expedited review, as explained in the Brief in Support.

2. Plaintiffs brought the FLSA and AMWA portions of this suit on behalf of all persons who were employed by Defendants and denied pay for July and August of 2019 to recover

minimum wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA").

3. This case is a companion case to *Lisa Mazanti et. al, v. Rock Bordelon et. al*, 4:20-cv-49-BSM, in which Judge Miller already granted conditional certification to a distinct set of nurses, maintenance workers and janitors who worked for the same Defendants as the present case.

4. The present case is distinct from *Mazanti*, in that the present case is for a different set of positions, doctors and other staff, who are not a part of the *Mazanti* collective action, and only for a limited set of time for nonpayment of wages in July and August of 2019.

5. Specifically, Plaintiffs in the present case brought this action as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs ask this Court to conditionally certify the following collective:

> **Except for hourly-paid janitorial workers, hourly-paid maintenance staff workers, and hourly-paid nurses, all employees of Defendants at North Metro Hospital in Jacksonville, AR who worked hours in July and August of 2019 for which they were not paid a lawful minimum wage or overtime wage**

6. Section 216(b) of the FLSA provides that "[a]n action… may be maintained against any employer… by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

7. Plaintiffs hereby move the Court to conditionally certify this lawsuit as a collective action for the purpose of providing notice of the action to members of the collective action classes.

8. Plaintiffs and the members of the putative classes are sufficiently similarly situated that conditional certification of the proposed class is appropriate.

9. Attached as Exhibits 1 and 2, respectively, are the *Notice* and *Consent to Join* proposed by Plaintiffs for distribution in this case.  Attached as Exhibits 3 and 4, respectively, are the *Electronic Transmissions* and *Electronic Consent to Join* proposed by Plaintiffs for electronic distribution in this case. The *Notices* and C*onsents to Join* make no comment on the merits of the case.  The *Notices* are narrowly drawn to notify potential class members of the pending litigation, the composition of the class and their right to "opt in" to the litigation.

10. Plaintiffs request a period of ninety (90) days to distribute the *Notice* and file *Consent to Join* forms with this Court and requests this Court to enter an Order directing Defendant to provide the names, last known mailing addresses, cell phone numbers, and email addresses of potential opt-in Plaintiffs no later than one (1) week after the date of the entry of the Order granting this Motion.

11. Plaintiffs request that this Court permit them to provide the *Notice* to potential opt-in Plaintiffs through mail and text message, or alternatively mail and email, and that this Court permit Plaintiff to distribute a reminder *Postcard* via traditional U.S. Mail as well as a follow-up text message, or alternatively, an email.

12. To guarantee notice to Defendants' current employees, Plaintiffs ask that Defendants be required to post the *Notice* in a conspicuous location in the same area in which it posts government-required notices.

13. Plaintiffs further request that this Court approve the inclusion of Plaintiffs' Class and Collective Action Complaint (ECF No. 1), as well as Defendants' Answer thereto, if

Defendant so request, along with the *Notice*.

14. Plaintiffs incorporate their Brief in Support of the current Motion, filed concurrently herewith.

15. In support of the current Motion, Plaintiffs incorporate the following exhibits:

Ex. 1: Proposed Notice of Right to Join Lawsuit ("*Notice*");
Ex. 2: Proposed Consent to Join Collective Action ("*Consent to Join*");
Ex. 3: Proposed Texts of Electronic Transmissions ("*Electronic Transmissions*");
Ex. 4: Proposed Electronic Consent to Join ("*Electronic Consent to Join*");
Ex. 5: Proposed Reminder Postcard ("*Postcard*");
Ex. 6: Declaration of Attorney Chris Burks;
Ex. 7: Declaration of Crystal Holland;
Ex. 8: Declaration of Renee Montgomery;
Ex. 9: Declaration of Joe Daugherty; and
Ex. 10: Declaration of Mohanned Ahmed

WHEREFORE, premises considered, Plaintiffs pray that the Court:

A. Conditionally certify the collective proposed by Plaintiffs;

B. Approve of the use of U.S. Mail and text message (or alternatively, U.S. Mail and email) to distribute the Plaintiff's proposed *Notice* and *Consent to Join*;

C. Grant approval to the form and content of Exhibits 1–5;

D. Order Defendants to produce the requested contact information of each putative class member in an electronically importable and malleable electronic format, such as Excel, within seven (7) days after this Court's Order is entered;

E. Allow for an opt-in period of ninety (90) days, to begin seven (7) days after the day that Defendant produce the names and contact information for the putative class members, in which putative class members may submit a *Consent to Join* this lawsuit as an opt-in plaintiff;

F.   Grant Plaintiffs leave to send the *Reminder Postcard* via U.S. Mail and reminder text message (or email message), beginning thirty (30) days after the opt-in period begins, to potential plaintiffs who have not responded to the *Notice*; and

G.   Award costs and a reasonable attorney's fee and grant all other relief to which Plaintiffs may be entitled, whether specifically prayed for or not.

Respectfully submitted,

**CRYSTAL HOLLAND,** Individually and on Behalf of All Others Similarly Situated, **RENEE MONTGOMERY, MOHANNED AHMED and JOE DAUGHERTY,** Each Individually and on Behalf of All Others Similarly Situated,

**PLAINTIFFS**

By:   Chris W. Burks (ABN: 2010207)
chris@wh.law
Brandon M. Haubert (ABN: 2013137)
brandon@wh.law