IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRYSTAL HOLLAND,**                                                                  **PLAINTIFFS**
**Individually and on behalf of all others**
**similarly situated; and**
**RENEE MONTGOMERY, JULIUS PETTY,**
**JOE DAUGHERTY, and MOHAMMED AHMED**
**Each individually and on behalf of all others**
**similarly situated**

v.                          Case No.  4:20-cv-0344-KGB

**ROCK BORDELON, ALLEGIANCE HOSPITAL**
**OF NORTH LITTLE ROCK, LLC, d/b/a**
**NorthMetro Medical Center; T. JASON REED;**
**and FREEDOM BEHAVIORAL HOSPITAL**
**OF CENTRAL ARKANSAS, LLC;**
**GPN/JACKSONVILLE, LLC; and**
**ALLEGIANCE HEALTH MANAGEMENT, INC.**                 **DEFENDANTS**

**ROCK BORDELON'S, ALLEGIANCE HOSPITAL
OF NORTH LITTLE ROCK'S, GPN/JACKSONVILLE, LLC'S AND
ALLEGIANCE HEALTH MANAGEMENT, INC.'S RESPONSE TO
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Comes now Defendants Rock Bordelon, Allegiance Hospital of North Little Rock, LLC, GPN/Jacksonville, LLC, and Allegiance Health Management, Inc. ("Defendants"), by and through their attorneys, Cox, Sterling, McClure & Vandiver, PLLC, for their Response to Plaintiffs' Motion for Conditional Certification, states:

**I.      INTRODUCTION**

This is a collective action under the Fair Labor Standards Act ("FLSA") where Plaintiffs allege that Defendants did not pay doctors and staff for work performed in July and August of 2019. Pursuant to the FLSA, specifically 29 U.S.C. § 216(b), Plaintiffs asked this Court to conditionally certify the collection action into the class of "Except for hourly-paid workers, hourly-paid maintenance staff workers and hourly-paid nurses, all employees of Defendants at North

Metro Hospital in Jacksonville, AR who worked hours in July and August of 2019 for which they were not paid a lawful minimum wage or overtime wage." Defendants respectfully request that the Court conduct an evidentiary hearing on the issue of conditional certification and then deny the motion and proposed forms and procedure based upon Defendants' objections herein. Alternatively, Defendants respectfully request that the Court direct counsel to reach agreement where possible on issues related to opt-in notice and procedure before deciding the remaining unresolved issues.

## II.     ARGUMENT

**A.     The Court Should Not Conditionally Certify the Proposed Class.**

*1.     Standard for Conditional Certification.*

District courts within the Eighth Circuit generally use a two-step analysis for conditionally certifying FLSA collective actions. *See, e.g.*, *Pressler v. FTS USA, LLC,* No. 4:09-CV-00676, 2010 WL 1904974 (E.D. Ark. May 12, 2010). At the first step, a plaintiff may seek conditional certification of a group of individuals with whom the plaintiff claims to be similarly situated. Although plaintiff's factual burden at this step has been described as "modest," a plaintiff cannot simply offer "unsupported assertions of additional plaintiffs and widespread FLSA violations." *Butcher v. Delta Memorial Hospital*, No. 5:12-cv-241, 2013 WL 1668998, at *2 (E.D. Ark. April 17, 2013); *see also Boyd v. Jupiter Aluminum Corp.*, No. 05-227, 2006 WL 1518987, at *3 (N.D. Ind. May 31, 2006) (stating that "modest factual showing" standard "is not a mere formality"). As explained in *Smith v. Sovereign Bancorp, Inc.*, simply reciting "magic words" like "similarly situated" does not render conditional certification a foregone conclusion. No. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003); *see also Prizmic v. Armour, Inc.*, No. 05-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (noting conclusory allegations could lead to a

"frivolous fishing expedition conducted by the plaintiff at the employer's expense" (citations omitted)).

It is well-settled that "[a] plaintiff who seeks conditional certification of a collective action against an employer must do more than show that some employees were paid less than the FLSA required." *Thompson v. Speedway SuperAmerica LLC*, No. 08-CV-1107, 2009 WL 130069, at *1 (D. Minn. Jan. 20, 2009); *Rappaport v. Embarq Mgmt. Co.*, No. 07-468, 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007) (noting that burden "is not invisible."). Rather, Plaintiffs must show the putative plaintiffs are "similarly situated." *Pressler v. FTS USA, LLC,* No. 4:09-cv-676, 2010 WL 1904974, at *3 (E.D. Ark. May 12, 2010). Plaintiffs must put forward substantial allegations that the putative class members "were victims of a common policy or plan that violated the law." *Id.* at *4. This required factual showing protects against improvident conditional certification and wasteful litigation. *See, e.g.*, *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003); *Saleen v. Waste Mgmt., Inc.,* No. 08-4959, 2009 WL 1664451, at *6 (D. Minn. June 15, 2009). Otherwise, simply alleging a collective action in the underlying complaint would suffice, rendering the first step of the conditional certification analysis, and this Court's review, unnecessary. Thus, although the standard for determining conditional certification is lenient, certification is not automatic. *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08-cv-734-CDP, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009).

> 2. *Plaintiffs Have Not Shown That the Putative Class Members Were Victims of a Common Policy That Violated the FLSA.*

Plaintiffs have identified one so-called "policy" for the class that, they allege, supports conditional certification. Plaintiffs claim that Defendants have a "policy" of not paying employees for work performed in July and August of 2018. Br. Supp. Pl.'s Mot., at 1. This is not a valid basis for conditional certification.

Alleged failures to pay wages is not a sufficient basis for class certification. Even if they had alleged the existence of such a policy, moreover, they have no evidence supporting its existence. Plaintiffs have not identified a systematic pay policy that applies to all the proposed classes or a basis for certifying such an expansive class. Plaintiffs' allegations must be substantial and must be bolstered by some factual support based on personal knowledge and experience of the representative plaintiff. *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 (5th Cir. 1995). Without such evidence, a court cannot find a class-wide policy or practice that would authorize class certification and notice. *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707-08 (N.D. Tex. 2008).

Plaintiffs' allegations are far from substantial in this case. The only evidence that Plaintiffs submit to assist the Court in determining if the proposed class is similarly situated are four (4) completely identical declarations. The only description of the job duties or hours worked are identical vague statements about not being paid wages. Holland Decl. [Doc. 21-7] ¶ 10; Montgomery Decl. [Doc. 21-8] ¶ 10; Daugherty Decl. [Doc. 20-9] ¶ 10; Ahmed Decl. [Doc. 20-10] ¶ 10. These vague and generalized statements fail to satisfy even the modest factual showing required at this stage in the litigation.

The declarations filed before this Court are virtually identical to the declarations filed by Plaintiffs' counsel's former firm in other cases seeking conditional certification under the FLSA. See, e.g., *Lindsey v. Schlumberger Tech. Corp.*, 5:16-CV-458-FBESC. (Lindsey Decl. [#28-1].) Courts have rejected these same declarations as too generalized and conclusory to support certification. *See Lindsey*, 2017 WL 2999428, at *4; *Mathis*, 2016 WL 4533271; *McLendon v. Schlumberger Tech. Corp.*, No. 4:15CV00752 JLH, 2016 WL 3911897 (E.D. Ark. July 15, 2016; *McElroy v. Tucker Energy Servs*., No. SA-18-CV-00010-FB, 2018 U.S. Dist. LEXIS 183072 (W.D. Tex. Oct. 25, 2018); *Jim Thompson vs. DiMichele Enterprises, Inc. et al*, No. 4:18-CV-

00903-BRW (E.D. Ark., January 28, 2019). The language used in these declarations is insufficient to support certification.

      3.      *There is insufficient evidence of interest in this lawsuit to justify conditional certification.*

Plaintiffs have failed to demonstrate that other potential class members have interest in joining the lawsuit. As another Eastern District of Arkansas court has previously observed, "[e]vidence of other employees who are willing to join the litigation is necessary to ensure that the mechanism for a collective action is being used appropriately to promote judicial efficiency, rather than used as a tool to burden a defendant and create settlement pressure." *Magsby v. Caruso Trucking, Ltd.*, No. 4:17-CV-00086-BRW, 2017 WL 6945582, at *1 (E.D. Ark. May 31, 2017) (denying conditional certification). Plaintiffs have insufficient evidence that other employees are willing to join this action. They rely on a single sentence from identical declarations to state that they believe others would be interested in participating in this lawsuit. Holland Decl. [Doc. 21-7] ¶ 13; Montgomery Decl. [Doc. 21-8] ¶ 13; Daugherty Decl. [Doc. 20-9] ¶ 13; Ahmed Decl. [Doc. 20-10] ¶ 13.

Courts reasoned that, without this requirement of more evidence, "certification would simply be a rubber-stamp procedure with no real burden on the moving party." 2017 WL 6945582, at *1. Plaintiffs are seeking a "rubber-stamp" approval here, where they have only four declarations that have not identified any others who are willing to join the suit. Because Plaintiffs' evidence is insufficient to show that more employees wish to opt into a collective action, the Court should deny the Motion.

**B.     Plaintiff's Proposed Notice and Procedure are Defective.**

For the reasons explained above, conditional certification is not proper here. If, however, the Court grants conditional certification, the Court should revise Plaintiffs' proposed notice and procedure for issuing that notice.

*1.     Plaintiffs' Motion and Brief Are Inconsistent as to Their Requested Relief.*

Plaintiffs' Motion and their brief in support thereof do not request identical relief. The Motion requests that the Court require Defendants to post the notice "in the same area in which it posts government-required notices". Mot. at 3. Plaintiffs, however, have not asked for such relief in their brief, nor have they explained why such extreme measures would be appropriate here. Indeed, posting the notice would be redundant. *See Esry v. P.F. Chang's China Bistro, Inc.*, 4:18-CV-156 JLH, 2018 WL 3832848, at *2 (E.D. Ark. Aug. 13, 2018) (refusing to order defendant to post notice). The Court should disregard Plaintiffs' requests in the Motion that do not appear in Plaintiffs' supporting brief.

*2.     Plaintiffs Seek Language and Procedures Beyond Those Permitted in the Similar Litigation.*

Plaintiffs have requested notice procedures that are too expansive. If the Court conditionally certifies a class in this case, it should follow the same procedures authorized by judges in similar cases.

The opt-in period should be 60 days. *See Coates v. Dassault Falcon Jet Corp.*, No. 4:17-CV-372 JLH, 2017 WL 5598219, at *4 (E.D. Ark. Nov. 21, 2017) ("Sixty days is sufficient time to notify potential class members and allow them to decide whether to opt-in.") (citing *Tegtmeier v. P.J. Iowa, L.C.*, 208 F. Supp. 3d 1012, 1025 (S.D. Iowa 2016); *accord, e.g.*, *Ferguson v. Ark. Support Network, Inc.*, No. 5:17-CV-5257, 2018 WL 2136359, at *4 (W.D. Ark. May 9, 2018) ("Because most potential opt-in Plaintiffs are likely to be located in Arkansas, the Court finds that

a 60-day opt-in period is sufficient and will better serve the interests of efficiently facilitating notice without further delaying this litigation."); *Allbritton v. Wiggins*, No. 4:13-CV-00158-SWW, 2014 WL 12768317, at *5 (E.D. Ark. Mar. 14, 2014).

The notice should be sent by email and U.S. mail only. *Coates*, 2017 WL 5598219, at *5; *see also, e.g.*, *Esry v. P.F. Chang's China Bistro, Inc.*, No. 4:18-CV-156 JLH, 2018 WL 3832848, at *2 (refusing to allow reminder by text message); *Vinsant v. MyExperian, Inc.*, No. 2:18-CV-02056, 2018 WL 3313023, at *6 (W.D. Ark. July 5, 2018) (finding request for mail, email, and text deliver "needlessly repetitive and unnecessary because Plaintiffs have presented no circumstances indicating an unusual amount of difficulty in locating the putative members").

### III.   CONCLUSION

For these reasons, Defendants request that the Court deny Plaintiffs' Motion. Defendants further request all other and further relief to which it is justly entitled.

Respectfully Submitted,

COX, STERLING, McCLURE &
VANDIVER, PLLC
8712 Counts Massie Rd
North Little Rock, AR  72113
(501) 954-8073 Phone
(501) 954-7856 Facsimile
bavandiver@csmfirm.com
By:   Brian A. Vandiver (Ark. Bar No. 2001078)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

     I, Brian A. Vandiver, do hereby certify on, I have served a true and correct copy of the foregoing on the following persons via ECF:

Chris Burks (chris@whlawoffices.com)
Brandon Haubert (brandon@whlawoffices.com)
WH Law, PLLC
1 Riverfront Place, Suite 745
North Little Rock, AR 72214

                              By: Brian A. Vandiver (Ark. Bar No. 2001078)